**Alvin RUSSELL, et al.**

v.

**GILES COUNTY, et al.**

No. 1–00–0045.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 19, 2000.

Bob Lynch, Jr., Nashville, TN, for Alvin Russell, Cynthia Anne Kochans, plaintiffs.

Douglas M. Fisher, Howell & Fisher, Nashville, TN, for Giles County, TN, Giles County Adult–Oriented Establishment Board, Connie S. Howell, James N. Woodard, Kenneth Fields, Vernon Hardy, Stonewall Jackson, Jr., Eddie Bass, Barry Medley, Joe Purvis, Michael Thomason, Jim Storey, defendants.

Albert Lytle Partee, III, Office of the Attorney General, Nashville, TN, for Tennessee State of, intervenor defendant.

## MEMORANDUM

HIGGINS, District Judge.

The plaintiff, Alvin Russell, is the owner and operator of the Boobie Bungalow, an adult entertainment establishment in Elkton City, Giles County, Tennessee. The plaintiff has possessed a beer permit for the Boobie Bungalow from the Elkton City beer board for approximately 22 years and has been under the regulation of the Elkton City beer board. Since 1997, the entertainment at the Boobie Bungalow has included performances by fully nude dancers, including the plaintiff, Cynthia Anne Kochans.

In 1994, the Tennessee State Legislature enacted the Tennessee Public Indecency Statute, Tennessee Code Annotated § 39–13–511, which makes appearing in public nude the crime of public indecency. However, § 39–13–511(6) provides that "[t]his subsection shall not affect in any fashion the ability of local jurisdictions or the state of Tennessee to regulate any activity where alcoholic beverages, including malt beverages, are sold for consumption."

Based on this section, the plaintiffs contend that the City of Elkton has the authority to enact an ordinance regulating exotic nude dancing at establishments such as the Boobie Bungalow holding beer permits. On June 12, 1997, the City of Elkton amended its beer ordinance by adding § 8–127 to regulate exotic dancing in

premises used for the sale of beer. *See* plaintiffs' exhibit 1.[1] Section 8–127 prohibits exotic dancing on such premise unless the establishment is a certain distance from "any school, church, or public gathering place" or from any road. *Id.* The ordinance further states that it is not applicable to "any permit holder who received a beer permit prior to the effective date hereof." *Id.* Accordingly, the plaintiffs assert that the ordinance did not apply to Mr. Russell and the Boobie Bungalow.

After the Elkton City beer ordinance was amended to regulate exotic dancing, Mr. Russell permitted exotic dancing at the Boobie Bungalow. On October 16, 1999, the defendant, Deputy Sheriff Michael Thomason, cited one of the entertainers at the Boobie Bungalow for violating the Tennessee Public Indecency Statute, Tenn.Code Ann. § 39–13–511(a)(1)(A)(ii), by performing nude. On October 23, 1999, defendants Deputy Sheriffs Barry Medley, Joe Purvis, Michael Thomason and Jim Storey cited several other dancers, including the plaintiff, Ms. Kochans, for exposing the areola of their breasts while performing at the Boobie Bungalow, also in violation of the Tennessee Public Indecency Act, Tenn.Code Ann. § 39–13–511(a)(1)(A)(ii).

Ms. Kochans and the other dancers were subsequently indicted under this section of the Act and a criminal action against them is pending in the Criminal Court for Giles County. The defendants in that action have filed a motion to dismiss asserting that their conduct was lawful under Tenn.Code Ann. § 39–13–511(6) and § 8–127 of the Elkton City Ordinance. *See* State's exhibit 3. In the alternative, the entertainers also moved to dismiss on the basis that the state regulatory scheme is unconstitutionally ambiguous as it prohibits nude dancing while allowing local regulation of "any activity where alcoholic beverages ... are served," including exotic dancing.

The defendants contend that, read together and in conjunction with the City ordinance, the laws are vague in violation of their right under the Fourteenth Amendment to the United States Constitution for Substantive and Procedural Due Process and their right of expression under the First Amendment.

The Tennessee Legislature also enacted the Adult Oriented Establishment Registration Act of 1998, to regulate adult oriented entertainment establishments. Tenn.Code Ann. § 7–51–1101, *et seq.* Among other things, the Registration Act requires such establishments to be licenced and it regulates the manner in which dancers may perform. It also prohibits the serving or consumption of alcohol on the premises of an adult oriented establishment. On November 15, 1999, the Giles County legislative body adopted the Registration Act.

On December 21, 1999, Mr. Russell was informed by the Giles County Clerk, Ms. Emily Townsend, that under the Registration Act he must obtain a licence for the Boobie Bungalow within 120 days. Plaintiff's Exhibit 9. Mr. Russell's attorney contacted the Giles County attorney and informed him that the Boobie Bungalow was exempt from the licencing requirement based on Tenn.Code Ann. §§ 39–13–511 and 7–51–1101. The County considered the matter and on April 12, 2000, responded that Mr. Russell would be required to obtain a license by April 19, 2000. Although Mr. Russell did not obtain a licence, Giles County has not required the Boobie Bungalow to cease operating. Accordingly, Mr. Russell contends that it is unclear whether Giles County continues to assert jurisdiction over the Boobie Bungalow in this matter.

Section 7–51–1121 of the Registration Act provides that "if a city or other political subdivision in this state chooses to enact and enforce its own regulatory

---

1. Exotic dancing is defined in § 8–127 as "the showing of the bare human male or female genitals or pubic area with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of the areola, or the showing of the covered male genitals in a discernibly turgid state."

scheme for adult-oriented establishments and sexually-oriented businesses, then the provision of this part, shall not apply within the jurisdiction of such city or other political subdivision." The plaintiffs assert that the Registration Act contradicts § 39–13–511(6) and the City of Elkton beer ordinance, as the Act seeks to regulate adult entertainment while § 39–13–511(6) permits local jurisdictions to regulate "any activity" where alcoholic beverages are consumed. The plaintiffs further assert that based on the local exemption, the City of Elkton was permitted to enact and enforce its own regulatory scheme, that it did so through its beer ordinance and that the plaintiffs are, therefore, not subject to the requirements of the Registration Act.

The plaintiffs sought the extension of a temporary restraining order (entered April 17, 2000; Docket Entry No. 5) prohibiting Giles County from enforcing the Tennessee Public Indecency Act and the Registration Act against them. For the reasons stated on the record at the preliminary injunction hearing, the Court declined to extend the temporary restraining order and it has expired by its own terms. *See* order (Docket Entry No. 16).

The remaining relief sought by the plaintiffs is (1) a permanent injunction enjoining the defendants, their agents, servants and employees from enforcing Tenn. Code Ann. § 39–13–511(a)(1)(A)(ii) and Tenn.Code Ann. § 7–51–1101 *et seq.* against the plaintiffs; (2) a declaratory judgment that the exemption found in Tenn.Code Ann. § 39–13–511(6) authorizes the City of Elkton to regulate exotic dancing through its beer ordinance and, as the City has done so, Giles County cannot enforce Tenn.Code Ann. § 39–13–511(a)(1)(A)(ii) against them; (3) a declaratory judgment that the local exemption of Tenn.Code Ann. § 7–51–1121(b) authorizes the City of Elkton to regulate exotic danc-

ing and, as the City has done so, the provisions of § 7–51–1101, *et seq.* cannot be enforced against the plaintiffs; and (4) a declaration that Tenn.Code Ann. §§ 39–13–511 and 7–51–1101 *et seq.* and the Elkton City Code, "codify the plaintiffs' First Amendment right of expression to include nudity and creates a substantive and procedural liberty interest that cannot be deprived by state action;" and (5) a declaratory judgment that Tenn.Code Ann. § 39–13–511 and 7–51–1101, *et seq.* are unconstitutional in their application to the plaintiffs in light of the Elkton City beer ordinance as the state laws are impermissibly vague.[2]

Paul G. Summers, Attorney General for the State of Tennessee, filed a motion to intervene (Docket Entry No. 10) in this matter on April 26, 2000. In its motion, the State requests that the Court dismiss this action. The State asserts that the Court should abstain from reviewing the applicability of the Tennessee Public Indecency Act to Ms. Kochans under the abstention doctrine established by the Supreme Court in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), because there are criminal cases pending against Ms. Kochans and other performers under the Act which raise the same issues as the issues raised in this action. The State also asks the Court to abstain from interpreting state laws regulating alcohol and adult oriented entertainment under Tenn.Code Ann. § 7–51–1101, *et seq.* under the abstention doctrine established in *Burford v. Sun Oil Company,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), as the issues presented by this case are complex questions of state law. As matters outside the pleadings were presented to the Court and considered by the Court, the Court shall treat the State's motion as a motion for summary judgment in accordance with Rule 12(c) of the Federal Rules of Civil Procedure.[3] In their

**2.** The plaintiffs originally sought compensatory and punitive damages. The plaintiffs moved to dismiss the claims for monetary relief at the evidentiary hearing held before the Court on April 27, 2000, and the Court

granted the plaintiffs' motion. *See* order (entered May 1, 2000; Docket Entry No. 16).

**3.** As provided by Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "there is no genuine issue as to any

response (filed May 3, 2000; Docket Entry No. 18), the plaintiffs argue that this case is not appropriate for abstention.

A hearing was held on the plaintiffs' motion for preliminary injunction on April 27, 2000. The Court granted the motion of Paul G. Summers, Attorney General of Tennessee, to intervene in this action. *See* order (Docket Entry No. 16).

The Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331.

For the reasons set forth below, the Court shall grant the State's motion for summary judgment. (Docket Entry No. 10).

## I.

It is well established that federal courts have a duty to adjudicate controversies before them. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 727–28, 116 S.Ct. 1712, 1726–27, 135 L.Ed.2d 1, 20 (1996). The Supreme Court has described this duty as "'virtually unflagging.'" *Deakins v. Monaghan,* 484 U.S. 193, 203, 108 S.Ct. 523, 530, 98 L.Ed.2d 529, 540 (1988) (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 817, 96 S.Ct. 1236, 1244, 1246, 47 L.Ed.2d 483 (1976)).

Nevertheless, there are several "extraordinary and narrow" exceptions to this rule which allow a federal court to dismiss a case despite the fact that it has jurisdiction. *Quackenbush,* 517 U.S. at 728, 116 S.Ct. at 1716, 135 L.Ed.2d. at 21. The Supreme Court has emphasized even "in the areas in which such 'abstention' is permissible, . . . it remains 'the exception, not the rule.'" *New Orleans Pub. Serv. v. Council of City of New Orleans,* 491 U.S. 350, 359, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298, 311 (1989) (NOPSI) (quoting *Hawaii Hous. Auth. v. Midkiff,* 467 U.S. 229, 236, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186, 194

(1984), and *Colorado River Water Conservation Dist.,* 424 U.S. at 813, 96 S.Ct. at 1244, 47 L.Ed.2d at 495).

In this case, the State contends that the Court should abstain based on two of these exceptions. Keeping in mind the rule in favor of adjudicating matters before it, the Court agrees that abstention is proper and will, therefore, grant the State's motion for summary judgment.

### A. *Younger Abstention*

The State contends that the Court should abstain from considering the applicability of the Tennessee Public Indecency Act to Ms. Kochans under the doctrine of abstention established by the Supreme Court in the case of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The *Younger* Court established that federal courts should abstain from issuing injunctions which will interfere with pending criminal state court proceedings.

The plaintiffs contend that *Younger* abstention is not appropriate because they are not asking the Court to enjoin the state criminal proceedings against Ms. Kochans. Instead, the plaintiffs seek to have the Court enjoin the defendants from enforcing § 39–13–511(a)(1)(A)(ii) against her. They also seek declaratory judgment that the exemption found in Tenn.Code Ann. § 39–13–511(a)(6) authorizes the City of Elkton to regulate exotic dancing through its beer ordinance and that because the City permits nude dancing, the defendants cannot enforce the Tennessee Indecency Act against Ms. Kochans.

In *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), the Supreme Court found that a declaratory judgment may have virtually the same effect as an injunction against the pending state court proceedings. The Court explained that under the Declaratory Judg-

---

material fact" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). In reviewing a motion for summary judgment, a court must determine "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.,* 477 U.S. at 251–52, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

ment Act, the district court may enforce an declaratory judgment:

by granting "(f)urther necessary or proper relief," 28 U.S.C. § 2202, and therefore a declaratory judgment issued while state proceedings are pending might serve as the basis for a subsequent injunction against those proceedings to "protect or effectuate" the declaratory judgment, 28 U.S.C. § 2283, and thus result in a clearly improper interference with the state proceedings. Secondly, even if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the same practical impact as a formal injunction would. As we said in the [*Public Service Commission of Utah v.*]*Wycoff [Co. Inc.]* case, 344 U.S., [237]at 247, 73 S.Ct., [236]at 242[, 97 L.Ed. 291 (1952) ]: "Is the declaration contemplated here to be res judicata, so that the (state court) can not hear evidence and decide any matter for itself? If so, the federal court has virtually lifted the case out of the state (court) before it could be heard. If not, the federal judgment serves no useful purpose as a final determination of rights."

*Id.*, 401 U.S. at 72, 91 S.Ct. at 767–68, 27 L.Ed.2d at 693.

Accordingly, the Court held that:

in cases where the state criminal prosecution was begun prior to the federal suit, the same equitable principles relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment, and that where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well.

*Id.*, 401 U.S. at 73, 91 S.Ct. at 768, 27 L.Ed.2d at 693–94.

As the injunctive and declaratory relief requested by the plaintiffs would have the effect of enjoining the state criminal proceedings against Ms. Kochans and the other entertainers, the Court shall make no distinction between the relief requested and a request for an injunction of the state proceedings in the analysis of whether of *Younger* abstention is appropriate.

In *Younger*, the Court explained that "the policy against federal court interference with state court proceedings" is based on "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43–44, 91 S.Ct. at 750, 27 L.Ed.2d at 675. Such abstention serves "to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Id.*, 401 U.S. at 44, 91 S.Ct. at 750, 27 L.Ed.2d at 675. It also insures respect for state functions in the interest of comity. *Id.*

■■■ There are several express exceptions to the *Younger* abstention doctrine. In a situation where the plaintiff will suffer irreparable harm if the federal court does not grant equitable relief,. a federal court may enjoin a state criminal proceeding begun prior to federal proceeding. It may also do so when the prosecution is based on bad faith or constitutes harassment; or when the prosecution is based on laws that are " ' flagrantly and patently violative of express constitutional provisions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.' " *Younger*, 401 U.S. at 53–54, 91 S.Ct. at 755, 27 L.Ed.2d at 680 (quoting *Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416, 1424 (1941)). Finally, a federal court may enjoin a criminal state court proceeding when an adequate state forum is not available to challenge the prosecution. *Id.*

■■■ The plaintiffs contend that abstention is not appropriate in this case because they will be subject to arrest under the challenged laws and will therefore suffer irreparable injury if the Court does not

grant them relief. However, the Supreme Court has found that being subject to arrest is an injury " 'incidental to every criminal proceeding brought lawfully and in good faith' " and does not create an inappropriate situation for abstention. *Younger,* 401 U.S. at 49, 91 S.Ct. at 753, 27 L.Ed.2d at 678 (quoting *Buck,* 313 U.S. at 400, 61 S.Ct. at 966, 85 L.Ed. at 1423).

The plaintiffs next contend that the Court should not abstain in this case because the state law is a flagrant and patent violation of Ms. Kochans' First Amendment right. Specifically, they assert that "in deciding how to publically express herself with respect to exotic dancing [Ms. Kochans] must either conform to the [Tennessee] public indecency law or the Elkton City Code, both of which have different standards." Plaintiffs' response (Docket Entry No. 18) at 4. The State argues that the laws are not a flagrant and patent violation of the plaintiff's rights.

■ The Tennessee Public Indecency Act has been upheld in the face First Amendment challenges. *See In Re Tennessee Public Indecency Statute,* Nos. 96–6512, 96–6573, 97–5924, 97–5938, 1999 WL 55276 (6th Cir. Jan.13, 1999). Therefore, even if Ms. Kochans were to conform to the more restrictive laws of the State of Tennessee which prohibit her from dancing nude in an establishment such as the Boobie Bungalow where alcoholic beverages are served, the law does not violate her rights under the First Amendment. In addition, "the existence of a 'chilling effect,' even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action." *Younger,* 401 U.S. at 51, 91 S.Ct. at 754, 27 L.Ed.2d at 679. Accordingly, the Court finds that the state laws do not constitute a flagrant and patent violation of Ms. Kochans' rights.

■ Third, the plaintiffs assert that this case falls within an exception to the *Youn-*ger doctrine because it is unusual in that the plaintiffs are seeking to use a local ordinance to block the application of a state law rather than contesting the constitutionality of a local ordinance. Plaintiffs' response (Docket Entry No. 18) at 4–5. It is not clear on which of the exceptions to *Younger* the plaintiffs base this assertion. A case's unusual posture does not establish any exception to *Younger.* Accordingly, the Court finds that none of the exceptions to the *Younger* doctrine exist in this case.

■ If the Court were to either issue an injunction barring the enforcement of the public indecency act against the plaintiff or to declare that the defendants are not entitled to regulate the Ms. Kochans through the Public Indecency Act due to the Elkton City beer ordinance, the Court's order would impermissibly interfere with the state criminal proceedings against Ms. Kochans in violation of the doctrine of abstention established in *Younger v. Harris.* The Court will, therefore, not consider the applicability of the Tennessee Public Indecency Act to Ms. Kochans. Accordingly, the Court shall grant the State's motion for summary judgment with respect to this issue.

### B. *Burford Abstention*

The State also asserts that the Court should abstain from interpreting the Public Indecency Act and the Registration Act under the abstention doctrine established in *Burford v. Sun Oil Company,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The State argues that *Burford* abstention is appropriate because the issues presented by this case are complex questions of state law.

■ In *Burford,* the Court was "concerned with protecting complex state administrative processes from undue federal interference." *NOPSI,* 491 U.S. at 362, 109 S.Ct. at 2515, 105 L.Ed.2d at 313.[4]

---

4. *Burford* involved a constitutional challenge of a Texas Railroad Commission order granting oil drilling permits. The question was whether the Commission had properly applied Texas oil and gas regulations. The Court found that the Commission and the Texas state court were better equipped to resolve the challenge than the federal court

To determine if abstention is appropriate, the Court must weigh the federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining "uniformity in the treatment of an 'essentially local problem,'" *Id.*, 491 U.S. at 362, 109 S.Ct. at 2515, 105 L.Ed.2d at 313 (quoting *Alabama Pub. Serv. Comm'n v. Southern R. Co.* 341 U.S. 341, 347, 71 S.Ct. 762, 767, 95 L.Ed. 1002, 1008 (1951)). Abstention is not required under *Burford* whenever there is a complex state administrative process, "or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *Id.* (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 815–16, 96 S.Ct. at 1245, 47 L.Ed.2d at 496). Instead:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*Id.*, 491 U.S. at 361, 109 S.Ct. at 2514, 105 L.Ed.2d at 312 (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 814, 96 S.Ct. at 1245, 47 L.Ed.2d at 496).

 In the instant case, the State of Tennessee has attempted to create a legislative scheme to regulate alcohol and adult entertainment establishments. This is a matter of substantial public concern. Review by the state courts of this scheme is not only available, but is pending. Therefore, for this Court to exercise review of the legislative scheme at this time would be disruptive to the state's efforts. Accordingly, the Court shall abstain from reviewing the Registration Act and the Tennessee Public Indecency Act under the doctrine of abstention established in *Burford v. Sun Oil Company* and shall grant the motion for summary judgment.

An appropriate order shall be entered.

### ORDER

In accordance with the memorandum contemporaneously entered, the Court grants the State's motion for summary judgment. Accordingly, this action is dismissed with prejudice.

The entry of this order shall constitute the judgment in this case.

It is so ORDERED.

---

because "[c]onflicts in the interpretation of state law, dangerous to the success of state policies are almost certain to result from the intervention of the lower federal courts. Under such circumstances, a sound respect for the independence of state action requires the federal equity court to stay its hand." *Burford*, 319 U.S. at 334, 63 S.Ct. at 1107, 87 L.Ed. at 1434–35 (citation omitted). The Court further recognized that the state court's determination of the federal question was subject to review by the Supreme Court.